UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 14-8330 JCG | Date | August 10, 2015 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | | |
| None Appearing | None Appearing | | |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

By order dated June 29, 2015 ("Order"), the Court (1) granted in part and denied in part Green Tree Servicing, LLC ("Defendant")'s motion to dismiss Fanny Lucia Lombana ("Plaintiff")'s first amended complaint, and (2) granted Plaintiff leave to file a second amended complaint ("SAC"). [*See* Dkt. No. 28.]

On the same day, the Court ordered that Plaintiff's proposed amended pleading be re-docketed as the SAC. (Order at 7); [*see* Dkt. No. 32].

On July 13, 2015, Defendant filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). [Dkt. No. 29.]

The Motion raises a number of challenges to Plaintiff's SAC, all of which appeared – mostly verbatim – in Defendant's prior motion to dismiss. [*Compare* Dkt. No. 19 *with* Dkt. No. 30.] For the reasons discussed below, the Motion is DENIED.

First, Defendant contends that Plaintiff "fails to properly allege that Green Tree is a debt collector," "makes no allegation as to whether the loan was in default at the time it was acquired," and "fails to allege facts establishing that Green Tree engaged in any [proscribed] conduct . . . ." (Mot. at 5.) Plaintiff's SAC withstands these challenges, for reasons set forth in the Order. (*See* Order at 4-6.)

Second, Defendant claims that Plaintiff's debt was never extinguished, and emphasizes that a creditor's "correspond[ence] with a debtor is not, by itself, a basis for relief under the FDCPA." (Mot. at 4, 6.) As Defendant notes, these arguments helped win dismissal of Plaintiff's original complaint. [*See* Dkt. No. 17 at 3-4.] Fatally, however, Defendant fails to address Plaintiff's claim (since added) that Defendant impermissibly threatened to garnish Plaintiff's wages. (*See* SAC at 3; Order at 5-6.)

Third, Defendant parenthetically notes that "Green Tree's phone logs show that it has not called Plaintiff since 2011." (Mot. at 2.) However, Plaintiff alleges, to the contrary, that Defendant called

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 14-8330 JCG | Date | August 10, 2015 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

Plaintiff and her family members on multiple occasions between October 28, 2013, and December 16, 2013. (SAC at 3.) Of course, the Court must assume the truth of Plaintiff's factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fourth, and finally, Defendant draws the Court's attention to a state court action brought by Plaintiff against her former attorney. (Mot. at 6-7.) However, Defendant fails to explain why *this* action should therefore be dismissed.

Accordingly, Defendant's Motion, [Dkt. No. 30], is **DENIED**.

**IT IS SO ORDERED.**

cc: Parties of Record

```
                                                           00  :  00
                                     Initials of Clerk         kh
```