JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | LA CV 14-8330 JCG | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | | |
|---|---|---|---|
| Kristee Hopkins | None Appearing | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Appearing | | None Appearing | |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FDCPA CLAIM AND DISMISSING RFDCPA CLAIM WITHOUT PREJUDICE**

Now pending before the Court are Ditech Financial, LLC's (formerly known as Green Tree Servicing, LLC and referred hereto as "Defendant") motion for summary judgment ("Motion"), Fanny Lucia Lombana's ("Plaintiff") opposition ("Opposition"), and Defendant's reply ("Reply"). [*See* Dkt. Nos. 46-49, 54.]

Defendant's Motion is suitable for adjudication without oral argument. *See* C.D. Cal. R. 7-15.

For the reasons discussed below, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim, and **DISMISSES** Plaintiff's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claim without prejudice.

**I.
Factual Background**

The following undisputed facts are taken from: (1) Defendant's Statement of Uncontroverted Facts ("DUF") # 1-9, to which Plaintiff stipulated (*see* Opp. at 1 ("Plaintiff will stipulate to the truth of [Defendant]'s statement of uncontroverted facts numbers 1 to 9."));[1] (2) Plaintiff's Separate Statement of Uncontroverted Facts ("PUF") # 1-4, which Defendant agreed were undisputed, (*see* Defendant's Response to PUF # 1-4); and (3) Plaintiff's Second Amended Complaint ("SAC"), [Dkt. No. 29].

On or around August 28, 2006, Plaintiff obtained a purchase money loan (the "Loan"), which was secured by a second deed of trust on real property located in Lancaster, California (the "Property").

---

[1] Notably, Plaintiff's stipulation is a "formal concession . . . that ha[s] the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of that fact." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 677 (2010) (internal citation and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 14-8330 JCG | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

(PUF #1, Ex. 2.) The Loan was serviced by Bank of America, N.A. (SAC at 2; DUF #1; Declaration of Christina Christensen In Support of Defendant's Motion for Summary Judgment ("Christensen Decl.") at ¶¶ 3, 7.)

On October 31, 2008, Defendant was assigned the rights to collect on the Loan, pursuant to a servicing agreement with Bank of America, N.A. (DUF #3; Christensen Decl. at ¶ 5, Exs. A, B.) Importantly, the Loan was *not* in default at this time, as Plaintiff had been current on her monthly payments through and including October 2008. (DUF # 7-8, Christensen Decl. at ¶¶ 7, 9, 10, Exs. D, E.) On December 12, 2008, Defendant informed Plaintiff that the Loan was "now in default." (DUF # 9; Christensen Decl. at ¶ 11, Ex. F.) On June 8, 2009, a senior lienholder foreclosed on the Property. (PUF #4, Ex. 5.)

On June 29, 2015, Plaintiff filed her SAC against Defendant, claiming that from October 28, 2013 to December 16, 2013, Defendant had engaged in debt collection practices that violated federal law under FDCPA and California law under RFDCPA. [*See* Dkt. No. 29 at 3.]

## II.
## Legal Standard

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III.
## Discussion

Defendant seeks summary judgment as to Plaintiff's FDCPA and RFDCPA claims. The Court addresses whether each claim can survive summary judgment below.

### A. FDCPA Claim

As a rule, three requirements must be satisfied to establish a violation of FDCPA: "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of FDCPA. *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 14-8330 JCG | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

A "debt collector" is defined, subject to certain exclusions, as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Notably, the term excludes "any person collecting or attempting to collect any debt owed or due . . . another to the extent such activity . . . concerns a debt *which was not in default at the time it was obtained* by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). The Ninth Circuit has held that this exclusion protects any person who "obtain[s] the right to collect" a debt before the debt is in default. *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011).

Here, Defendant contends that it does not fall within the definition of a "debt collector," and therefore cannot be liable for any alleged FDCPA violations. (*See* Mot. at 1-8.) In response, Plaintiff stipulates that the Loan was not in default when Defendant acquired collection rights, but argues that this is "not the end of the story." (Opp. at 1.) Specifically, Plaintiff claims that: (1) a senior lienholder's subsequent foreclosure of the Property eliminated the underlying debt, pursuant to California Code of Civil Procedure Section 580b ("§ 580b" or "Section 580b"); and thus (2) Defendant falsely represented to Plaintiff that a loan still did exist, in violation of FDCPA. (Opp. at 1-2.)

The Court agrees with Defendant.

It is a stipulated fact that Defendant acquired the rights to collect on the Loan prior to any default. (Opp. at 1; DUF # 7-8.) Accordingly, Defendant does not fall within the definition of a "debt collector." *See* 15 U.S.C. § 1692a(6)(F)(iii). Thus, Plaintiff is unable to meet a "threshold requirement" of a FDCPA cause of action. *See Robinson*, 654 F. Supp. 2d at 1057.

Plaintiff's efforts to save her FDCPA cause of action are unavailing for two reasons. First, and most obvious, her allegation about the non-existence of any debt does not change the fact that she cannot meet a threshold element of a FDCPA claim. *See id.*

Second, her allegation is based on a misreading of § 580(b). Section 580(b) does not erase Plaintiff's debt. *See Herrera v. LCS Fin. Servs. Corp.*, 2009 WL 2912517, at *8 (N.D. Cal. Sept. 9, 2009) ("Section 580b, by its own terms . . . does *not* eliminate the underlying debt." (emphasis added)); [*see also* Dkt. No. 17 at 3]. As such, even if Plaintiff could somehow get past the threshold requirements, she would not be able to demonstrate that Defendant made "a false representation [regarding] the . . . status of [the] debt." (*See* Opp. at 2).

Thus, in light of Plaintiff's stipulation, her FDCPA claim fails as a matter of law. Accordingly, Defendant's Motion is **GRANTED** with respect to Plaintiff's FDCPA claim.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | LA CV 14-8330 JCG | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

### B. RFDCPA Violations

As a rule, a district court may exercise supplemental jurisdiction over state law claims "so long as [they are] part of the same case or controversy as the federal claim." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal citation and quotation marks omitted). However, "[i]f the federal claims that served as the basis for subject matter jurisdiction are eliminated [through summary judgment]," then "the factors of judicial economy, convenience, fairness, and comity, in combination, weigh in favor of dismissal [of the state law claims]." *Myoungchul Shin v. Uni-Caps, LLC*, 2016 WL 241465, at *3 (C.D. Cal. Jan. 20, 2016); *see also Khosroabadi v. N. Shore Agency*, 439 F. Supp. 2d 1118, 1125 (S.D. Cal. 2006) (granting defendant's motion for summary judgment on FDCPA claim and dismissing remaining RFDCPA claim because "[a] district court should dismiss a [] state law claim where all of the claims over which it had original jurisdiction have been dismissed.").

Moreover, a district court should dismiss those "state law claims [that] present novel and unique state-law issues." *Lee v. City of Los Angeles*, 88 F. Supp. 3d 1140, 1155 (C.D. Cal. 2015).

Here, because summary judgment on the federal claim has been granted, Plaintiff's remaining RFDCPA cause of action under state law should be dismissed. *See Myoungchul,* 2016 WL 241465, at *3; *Khosroabadi,* 439 F. Supp. 2d at 1125.

Furthermore, although the elements of RFDCPA and FDCPA claims are similar, the "definition of a 'debt collector' is broader under RFDCPA than [under] the federal statute." *See Farber v. JPMorgan Chase Bank N.A.*, 2014 WL 68380, at *6 (S.D. Cal. Jan. 8, 2014). Specifically, a "debt collector" under RFDCPA "broadly encompasses any person who regularly engages in debt collection," and does not exclude "creditors collecting on their own debts," as FDCPA does. *Id.* (internal quotation marks omitted). As such, there are potentially "novel and unique state-law issues" here that warrant dismissal of the RFDCPA claim.[2] *See Lee*, 88 F. Supp. 3d at 1155.

Accordingly, in the interests of judicial economy, convenience, fairness, and comity, the Court refuses to exercise supplemental jurisdiction over and **DISMISSES,** without prejudice, Plaintiff's RFDCPA claim.

//

//

//

---

[2] Although the Court previously noted that "district courts analyze FDCPA and RFDCPA claims identically," this was in the context of determining whether all of Plaintiff's claims should be dismissed on more general grounds, like insufficient factual support. [Dkt. No. 17 at 3-5.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | LA CV 14-8330 JCG | Date | September 15, 2016 |
|---|---|---|---|
| Title | *Fanny Lucia Lombana v. Green Tree Servicing, LLC* | | |

## IV. Conclusion

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion, [Dkt. No. 46], with respect to Plaintiff's FDCPA claim, and **DISMISSES** Plaintiff's RFDCPA claim without prejudice.

**IT IS SO ORDERED.**

cc: Parties of Record

00 : 00

Initials of Clerk     kh